# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 86 | **DATE** | September 15, 2003 |
| **CASE TITLE** | United States v. Boscario, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due ___ ___ .

(4) ☐ Ruling/Hearing on ___ ___ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ___ ___ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The government's motion to reconsider the order of June 12, 2003 dismissing Counts 3 through 15 of the indictment [40-] is granted, and Counts 3 through 15 are reinstated. ENTER ORDER.

(11) x [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | Tuite, Patrick@8760288; Netols, Brian@3538298; Monico, Michael@7592000; Breen, Tom@3629907; | | **Document Number** |
| | No notices required. | | number of notices | |
| X | Notices FAXED by judge's staff. | | SEP 16 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | 95 |
| | Mail AO 450 form. | | | |
| | Copy to _____ | | date mailed notice | |
| | KAM | courtroom deputy's initials | KAM | mailing deputy initials |

U.S. DISTRICT COURT
CLERK

03 SEP 15 PM 4:19

Date/time received in central Clerk's Office
FILED FOR DOCKET — '03

(Reserved for use by the Court)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

UNITED STATES OF AMERICA,              )
                                       )
                  Plaintiff,           )
                                       )
     v.                                )    No. 02 CR 86
                                       )
NICK BOSCARINO, RALPH AULENTA and      )
IRVING MANGURTEN,                      )
                                       )
                  Defendants.          )

### MEMORANDUM OPINION AND ORDER

After further review of the authorities, especially U.S. v. Mankarious, 151 F.3d 694, 701-02 (7th Cir. 1998), the court concludes that its order of June 12, 2003, dismissing Counts 3 through 15 of the indictment, was in error. We held that it was necessary for each of the money laundering counts to allege a specific use of the mails or wires. On the contrary, it is only necessary that a particular count allege that the proceeds were derived from activity which violated the mail or wire fraud statutes. In this case, the allegation in each of counts 3 through 15 that the proceeds were derived from "mail and wire fraud on ABI/Acordia" is a sufficient allegation of the predicate mail or wire fraud violation.

This does not mean that the government is relieved of proving that the mails or wires were in fact used in furtherance of the

scheme, nor do we understand the government to be contending that
it does. Although the laundered funds described in a particular
count need not be shown to have come from any specific transaction
in which the mails or wires were used, the proof must nonetheless
show that the mails or wires were used in furtherance of the scheme
from which those proceeds were derived. Thus, if the government
failed to offer evidence from which the jury could find beyond a
reasonable doubt that there was some use of the mails or wires that
furthered the scheme, the defendant would be entitled to a judgment
of acquittal on the money laundering counts. The anomaly is that,
although this proof must be made, there will be no way of knowing
what use of the mails or wires the jury found to have been proved
in the event of a conviction. Conceivably the jury could find only
one mailing or wire and could use that as the predicate offense for
all of the money laundering counts.[1]

The kind of evidence that a jury can find sufficient for this
purpose is indicated in Mankarious, where the defendants were
convicted of laundering proceeds of a scheme that involved
submission of fraudulent invoices:

> In this case, the jury heard testimony from Mary
> Sikes-Brown, a UPEC employee who said that after she
> typed invoices she routinely mailed them. She
> specifically testified to mailing the invoice for work on
> the gun safe dollies. The government also points to

---

[1] It will be important to cover this matter in jury instructions, stating
what the jury must find and perhaps referring to the evidence the government
relies upon as establishing the necessary use of the mails or wires.

testimony that Delta regularly date-stamped incoming mail and that many of the invoices in question bear date stamps. The government also notes the timing of date stamps on many invoices-often several days after the invoice date. These facts constitute sufficient circumstantial evidence for the jury to infer that UPEC mailed a file copy of each invoice to Delta. In other words, the jury could have inferred that the laundered funds came from a fraudulent scheme and that the use of the mails furthered that scheme. Therefore, we believe that the jury heard sufficient circumstantial evidence to infer that each of the checks cashed and deposited by the defendants constituted the proceeds of mail fraud.

Mankarious, 151 F.3d at 702-03.

The defendant Boscarino argues that he should know in advance of trial what proof of use of mails or wires the government will offer, and we agree. The information need not be provided in the indictment itself, but, as a matter of fairness – as well as to save time at trial for everyone concerned – it should be provided in pretrial discovery. But the government states that it has done exactly that, and that the defendant was given the mailings and wirings as part of Local Rule 16.1 discovery on February 1, 2003. (Government's Reply to Defendant Boscarino's Response to Government's Motion to Reconsider at 5.) Assuming this is true, the defendant should be able to prepare for trial.

## Conclusion

The government's motion to reconsider the order of June 12, 2003 dismissing Counts 3 through 15 of the indictment is granted, and Counts 3 through 15 are reinstated.

Date:       September 15, 2003

ENTER:

_____
John F. Grady, United States District Judge