# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | )  No. 02 CR 86 |
| v. | ) |
| | ) |
| NICK S. BOSCARINO and | ) |
| RALPH E. AULENTA, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

In sentencing the defendants in this case, the court ordered that they pay restitution in the amount of $288,670 to the victim of the fraud, ABI/Acordia, with liability for that amount to be joint and several.  The defendant Aulenta had also acknowledged responsibility for defrauding four insurance companies (unrelated to ABI/Acordia), and his sentencing order required him to make restitution to those four companies (the "Lawndale victims") in amounts ranging from $354,628.63 to $528,850.26.  These amounts were Aulenta's sole responsibility because Boscarino was not involved in the Lawndale frauds.

Boscarino appealed his conviction, and in order to stay execution pending the appeal, deposited $638,732 into the court registry.  On September 13, 2005, the government and Boscarino filed a stipulation regarding the disposition of Boscarino's deposit should the conviction be affirmed.  Paragraph 6 of the

stipulation recited:

> [T]he restitution amount of the judgment is owed jointly and severally with co-defendant Ralph Aulenta. The defendant is entitled to an accounting of payments made by Aulenta at the time the United States seeks application of the funds to the judgment.

Boscarino's conviction was affirmed, and a dispute has now arisen concerning the manner in which restitution is to be made. Boscarino has filed a motion seeking credit toward his restitution obligation for the amount he believes should have been paid to ABI/Acordia from the funds collected thus far from Aulenta. He computes the amount of this credit by arguing that each of the five restitution payees (ABI/Acordia and the four Lawndale victims) should receive twenty percent of the money collected from Aulenta, because there are five of them. On this basis, according to Boscarino, the restitution owed to ABI/Acordia would have been reduced by $174,911.19, and this would leave only $113,758.81 owing by Boscarino.

The government has filed a counter-motion seeking to hold Boscarino entirely responsible for the $288,670 restitution to ABI/Acordia. Its theory is that there will not be enough money to pay off all five of Aulenta's victims, so the court should make the money collected from Aulenta go as far as possible by giving all of it to the Lawndale victims and leaving Boscarino to pay the entire ABI/Acordia obligation by himself. (ABI/Acordia has informed the government that if the government's motion is granted it would

return to the Clerk of the Court the money it received from Aulenta.) It should come as no surprise that Aulenta agrees with the government's motion.

In response to the government's motion, Boscarino argues that the government's plan would contravene the plain terms of the judgment of conviction, and moreover, that it requests relief the court has no jurisdiction to grant.

### **Discussion**

In providing for joint and several liability in each of the two judgment orders, the court recognized that each of the two defendants was, as a matter of law, responsible for the entire loss to ABI/Acordia. The joint and several liability increased the likelihood that ABI/Acordia would be made whole, since, if necessary, up to the entire amount could be collected from either of the defendants. But the provision for joint and several liability had another purpose: as a matter of fairness, the defendants should, to the extent possible, make equal restitution for their joint wrongdoing. By providing for restitution to be made to Aulenta's other victims, it certainly was not the court's intention to absolve Aulenta from responsibility for the debt to ABI/Acordia. This would be a windfall and, as noted, one which Auelenta would be happy to receive.

We believe the relevant language of Aulenta's judgment order (part of the printed form used for judgments in all criminal cases

involving restitution to multiple victims) makes clear how restitution payments should be allocated. It provides that "if the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below." Then appears a list of the five payees, with ABI/Acordia listed first "$288,670 jointly/severally with Nick Boscarino," followed by a list of the Lawndale victims. The "priority or percentage payment problem column" was left blank. Boscarino correctly interprets this to mean that any payments made by Aulenta should be distributed to the five listed payees in proportion to the amounts they are owed. We assume this is what the Clerk's office has done thus far, by distributing the $119,000 to ABI/Acordia. But Aulenta has not overpaid, because fifty percent of $288,670 would be $144,355. He is still $59,500 short of paying half of that amount.

Boscarino accuses the government of going back on the stipulation of September 13, 2005, which provided that "the defendant is entitled to an accounting of payments made by Aulenta at the time the United States seeks application of the funds [on deposit] to the judgment." We think Boscarino is correct. Clearly, if Boscarino is to be made liable for the entire debt to ABI/Acordia, he would not be "entitled to an accounting of payments made by Aulenta."

Boscarino also argues that granting the government's motion

would be to modify Boscarino's Judgment of Conviction and that we lack jurisdiction to do that. The argument is set forth at pages 6-9 of Boscarino's response to the government's motion, and it seems to have merit. We have not asked the government to reply to the argument, because, for the reasons explained above, we are disinclined to grant the government's motion in any event. But aside from those reasons, we would deny the government's motion on the jurisdictional basis unless the government should file a reply persuading us that the defendant's argument is wrong. For present purposes, however, we will deny the government's motion for the reasons we have already stated.

Boscarino's motion that he be given credit for twenty percent of the total amount collected thus far from Aulenta, or $174,911.19 is not as off-base as the government's motion, but it still goes too far. "Proportioned" allocation of the collections to the five victims would not give Aulenta credit for $169,670, but only for the $119,000 the Clerk of the Court has actually distributed to ABI/Acordia. Fifty percent of the $288,670 restitution obligation is $144,355, which means that Aulenta still owes $59,500 on his fifty percent share. Boscarino owes the other $144,355. Whether Boscarino will end up having to pay more than that, on the basis of his joint and several liability because collections from Aulenta turn out to be insufficient to yield another $59,500, remains to be seen. The government is still in the process of collection, and,

of course, Aulenta's restitution obligation will extend into the future.  It is not until we have been persuaded that there is no realistic possibility of further collections from Aulenta, now or in the foreseeable future, that we would turn to Boscarino's joint and several liability and require him to make up Aulenta's deficit.

## CONCLUSION

On the basis of what we have said in this opinion, the parties should be able to work out an allocation of most of the funds Boscarino has on deposit.  An amount should be held back that will be sufficient to cover the contingency that Boscarino will be required to pay not only his own half of the $288,670 owed to ABI/Acordia, but also the $59,500 still owing from Aulenta.

Otherwise, the Government's Motion for an Order Directing Application of Payments and Boscarino's Motion for a Judicial Recommendation and to Apply Appeal Bond Proceeds are both denied.

Date:    July 13, 2006

ENTER:    _____
         John F. Grady, United States District Judge